UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:14-cv-409-ORL-22-KRS

MELANIE SMITH, on her own behalf and
all similarly situated individuals,

       Plaintiff,

v.

ARAMARK CORPORATION, a Foreign
Profit Corporation,

       Defendant.

_____/

**RENEWED JOINT MOTION FOR JUDICIAL APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENTS AND DISMISSAL WITH PREJUDICE**

Pursuant to the Court's September 29, 2014 Order, the parties, including named Plaintiff Melanie Smith ("Smith") and Opt-in Plaintiff Diana Reed ("Reed"), (collectively "Plaintiffs"), and Defendant Aramark Corporation, now known as Aramark Services, Inc., ("Defendant" or "Aramark") hereby respectfully renew their request that the Court approve the parties' settlement agreements and dismiss this action with prejudice. In support of this Renewed Motion, the parties state as follows:

1.    Pursuant to the Court's Order (D.E. 28) denying without prejudice the parties' Joint Motion for Judicial Approval of the Parties' Settlement Agreements and Dismissal with Prejudice, the parties hereby file the instant renewed motion for judicial approval explaining "the discrepancies between Smith and Reed's sworn answers to the Court's interrogatories and the assertion that each of them will receive more than they claimed to be owed." (D.E. 28, p. 2).

1

2. Smith worked for Defendant as an hourly-paid bartender. In her responses to the Court's Interrogatories (D.E. 17), Smith claimed that she worked an average of 35-40 regular hours weekly and another 5-10 overtime hours. She alleged that she was owed approximately 10 hours per week, which she estimated resulted in somewhere between $11,777.50 and $14,133.00 in unpaid wages, as well as $3,500 in credit card tips.

3. Defendant, in good faith, argued that (a) Aramark's policies unambiguously required Smith to report all of her hours worked; (b) Smith signed her time records weekly acknowledging that her time was accurate, (c) she self-reported her tips on her signed time cards; and (d) when she reported pay discrepancies to Aramark's on-site controller she was paid for such alleged discrepancy reported.

4. Although the parties disputed the frequency and amount of such pay discrepencies, subsequent to the time Smith filed her sworn Answers to the Court's Interrogatories, Defendant produced documents showing that on many of the occasions for which Plaintiff claimed she had not been compensated, she had been compensated, albeit in a subsequent pay period. Primarily for this reason, the value of Smith's claim was far less than she initially believed—at the time she filed her Answers to the Court's Interrogatories.

5. Reed worked for Defendant as an hourly paid banquet server. In her responses to the Court's Interrogatories (D.E. 18), Reed claimed that she worked 40 regular hours weekly and no overtime hours. Reed alleged that she was owed approximately 15 hours per week, which she estimated resulted in approximately $21,143.10 in unpaid wages. Significantly, Reed relied on a a three (3) year statute of limitations in completing her Answers to Court Interrogatories, and much of the damages she claimed fell outside of a two year statute of limitations.

6.      Defendant, in good faith, argued that (a) Aramark's policies unambiguously required Reed to report all of her hours worked; (b) Reed failed to report to Aramark any pay discrepancies; and (c) there was no basis for pleading a three year statute of limitations because there were no facts to support a finding of a willful violation of the FLSA, and as such, any claims that Reed asserted were subject to a two year statute of limitations.

7.      Counsel for the parties engaged in a range of both formal and informal discovery as well as discussions both pre-mediation and during a full day of mediation in order to work toward an evidence-based resolution of these disputes, including but not limited to the hours actually worked and payments made - - as well as to afford Plaintiffs' counsel sufficient information to consult multiple times with Plaintiffs about the proper evaluation of the claims and the defenses asserted.

8.      A review of Defendant's records evidenced to Plaintiffs that Smith worked an average of 30 hours weekly and Reed worked an average of 20 hours weekly and, thus, even assuming *arguendo* there were any hours worked that went unreported, there was no claim for overtime, because the vast majority of the hours were, in actuality, non-compensable "gap time" hours.  In addition, the records further demonstrated that a number of hours that Smith, in particular, had complained to the on-site controller had not been paid were, in fact, reconciled and paid.

9.      Similarly, while Reed had initially claimed that she had worked off-the-clock hours, at mediation it became clear that the real crux of her claim was that she believed that a combination of Defendant's (legal) pay practices were unfair and resulted in reduced wages when compared with wages she earned working at the prior contractor at the same site, a quasi-contract claim that did not come under the FLSA  In essence, Reed's claim was limited to a

handful of days that Reed alleged were not paid, at the appropriate regular/overtime rates, according to Aramark's policies for holiday pay. To the extent that Reed had off-the-clock claims, they were limited to infrequent occasions where she worked split shifts at more than one of Defendant's work sites and had not been compensated for intraday travel time, going from site to site..[1]

10. Given the number of issues presented by both parties, particularly that an early judicial resolution was unlikely due to the extensive discovery that would have to take place, the parties decided to resolve the matter.

11. The parties agreed to settle Smith's claim for $7,000 and Reed's claim for $2,100, and further agreed that Plaintiffs were receiving more than full relief. In addition, counsel for Plaintiffs would receive $9,900 in attorney's fees and costs for representation of both Plaintiffs through conclusion of the settlement, separate from and without regard to the amount paid to settle the FLSA claims. And, Defendant would pay the mediation fees incurred.

12. The parties agree that Plaintiffs are receiving more than full relief and that there is fair consideration for the remaining terms of the parties' Settlement Agreements. Moreover, the parties assert that they have made good faith arguments and that they have reached a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions and respectfully request, although not required, that their Settlement Agreements be approved. *See Mackey v. L.T.D. Am. Total Care, Inc.,* Case No. 6:08–cv–797–Orl–22KRS, 2008 U.S. Dist. LEXIS 115651, at *1–2 (M.D.Fla. Dec. 9, 2008) ("As the parties represent that Plaintiff has received full relief and that there's no compromise of her claims under the Fair Labor Standards Act, no approval of the settlement is required pursuant to Lynn's Food [.]"); *see also Jarvis v. City Elec. Supply Co.,* 2012 WL 933057, at **5-6 (M.D. Fla. Mar. 5, 2012) (Baker, J.) ("If a plaintiff, advised and

---

[1] If the case had not settled at mediation, Plaintiffs would have amended their answers to the Court's Interrogatories.

4

counseled by his attorney, chooses to forego his absolute right to continue the litigation and accept a non-cash condition in addition to all wages and damages due, it necessarily follows that the plaintiff has determined that the concession is of little or no value to him;" holding that FLSA plaintiffs may settle their claims as they please and their settlement agreements may be approved even if not limited to terms relating to the payment of wages, liquidated damages, and fees/costs); *see, e.g., Christopher v. Damiano Long, LLC*, 2007 WL 1839288, at *4 (M.D. Fla. June 26, 2007) (Conway, J.) (approving settlement of FLSA claims and ordering the parties "to comply with the terms of the Settlement Agreement and General Release").

13. In sum, the parties respectfully request that the Court approve the Settlement Agreements, and dismiss with prejudice all claims and causes of action asserted by Plaintiffs arising out of the facts forming the subject matter of the captioned proceeding, with each party to bear her or its own costs and attorneys' fees except as provided pursuant to the parties' Settlement Agreements.

Dated this 14th day of October, 2014.          Respectfully submitted,

| | |
|---|---|
| */s/ Andrew Frisch* | */s/ Anne Marie Estevez* |
| Andrew Frisch | Anne Marie Estevez |
|  Florida Bar No.: 27777 |  Florida Bar No. 991694 |
| Morgan & Morgan, P.A. |  Email:  aestevez@morganlewis.com |
| 600 N. Pine Island Road., Suite 400 | Madid C. Gonzalez |
| Plantation, FL 33324 |  Fla. Bar No. 338760 |
| Telephone: (954) 318-0268 |  E-Mail: mcgonzalez@morganlewis.com |
| Facsimile: (954) 333-3515 | Morgan, Lewis & Bockius LLP |
| E-Mail: *AFrisch@forthepeople.com* | 200 South Biscayne Boulevard, Suite 5300 |
| | Miami, FL 33131-2339 |
| *Counsel for Plaintiff* | Telephone:  305.415.3330 |
| | Facsimile:  877.432.9652 |
| | |
| | *Counsel for Defendant* |

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on October 14th, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission or Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Andrew Frisch, Esq.
FL Bar No.: 27777
Morgan & Morgan, P.A.
600 N. Pine Island Road., Suite 400
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile: (954) 333-3515
E-Mail: AFrisch@forthepeople.com

*Counsel for Plaintiff*

 */s/ Anne Marie Estevez*
 Anne Marie Estevez