# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MELANIE SMITH,**

                    **Plaintiff,**

**v.**                                        **Case No:   6:14-cv-409-Orl-22KRS**

**ARAMARK CORPORATION,**

                    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION FOR JUDICIAL APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENTS AND DISMISSAL WITH PREJUDICE (Doc. No. 29)** |
| **FILED:** | **October 14, 2014** |

## I.     PROCEDURAL HISTORY.

    On March 14, 2014, Plaintiff Melanie Smith, individually and on behalf of others similarly situated, filed suit against her former employer, Defendant Aramark Corporation ("Aramark"), alleging that Aramark unlawfully denied her overtime compensation and failed to pay her the minimum wage, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. ¶ 201, *et seq.* Doc. No. 1.   Plaintiff Diana Reed filed a notice of consent to join in the action on March 19, 2014. Doc. No. 7.   On September 10, 2014, the parties provided notice to this Court that they had reached a settlement.   Doc. No. 25.

On September 18, 2014, the parties filed a Joint Motion for Judicial Approval of the Parties' Settlement Agreements and Dismissal with Prejudice.   Doc. No. 27.   The parties attached to the motion copies of their settlement agreements.   *See* Doc. Nos. 27-1, 27-2.   I denied the Joint Motion without prejudice and directed the parties to address issues raised by the proposed settlement regarding whether Plaintiffs Smith and Reed compromised their FLSA claims.   *See* Doc. No. 28.

On October 14, 2014, the parties filed the instant Renewed Joint Motion for Judicial Approval of the Parties' Settlement Agreements and Dismissal with Prejudice.   Doc. No. 29.   The motion was referred to me for issuance of a Report and Recommendation.   Accordingly, the matter is now ripe for review.

## II.     APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."   *Id.* at 1353.   "*Lynn's Food* requires the parties to an FLSA compromise to present the proposed agreement to the district court, which may enter a stipulated judgment after scrutinizing the settlement for fairness."   *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010) (internal quotation omitted).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."   *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (unpublished decision cited as persuasive authority).   If the Court finds the payment to

the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount.   *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when "a settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

## III.    ANALYSIS.

### A.    *Plaintiffs Received All FLSA Compensation Arguably Due.*

As to Smith, she worked for Aramark as an hourly-paid bartender.  Doc. No. 29 ¶ 2.   In her answers to the Court's interrogatories, Smith averred that she was owed between $11,777.50 and $14,133.00 in unpaid wages and an equal amount of liquidated damages.  Doc. No. 17-1. The settlement agreement between Smith and Aramark provides that Smith will receive a total of $7,000.00 in compensation for her FLSA claims, and $7,000.00 for attorney's fees and costs.   Doc. No. 27-1 at 3.[1]  Nevertheless, the parties represent in the Renewed Joint Motion that they agree that Smith is receiving "more than full relief."   Doc. No. 29 ¶ 11.   In support of this contention, the parties assert that subsequent to Smith's completion of the Court's interrogatories, Aramark produced documents showing that on many of the occasions for which Smith claimed that she had not been properly compensated, she had in fact been compensated in a subsequent pay period.  *Id.* ¶¶ 4, 8.   As such, the value of Smith's claim is far less than she initially believed when she completed the Court's interrogatories and, given the issues presented, the parties agreed to resolve the matter.  *Id.* ¶¶ 4, 10.

---

[1] Throughout this Report and Recommendation, citations are to the page numbers assigned by CM/ECF, not to the original page numbers appearing in the documents.

As to Reed, she worked for Aramark as an hourly-paid banquet server.   Doc. No. 29 ¶ 5. In her answers to the Court's interrogatories, Reed averred that she was owed approximately $21,143.10 in unpaid wages and an equal amount of liquidated damages.   Doc. No. 18-1.   The settlement agreement between Reed and Aramark provides that Reed will receive a total of $2,100.00 in compensation for her FLSA claims, and $2,900.00 for attorney's fees and costs.   Doc. No. 27-2 at 4.   Nevertheless, the parties represent in the Renewed Joint Motion that they agree that Reed is receiving "more than full relief."   Doc. No. 29 ¶ 11.   In support of this contention, the parties assert that during the mediation they determined that Reed's claim for unpaid wages was limited to a handful of days and, to the extent that she had off-the-clock claims, they were limited to infrequent occasions concerning split shifts at different sites and the failure to pay for intraday travel.   *Id.* ¶ 9.   Furthermore, Reed relied on a three-year statute of limitations period when calculating her answers to the Court's interrogatories, and much of her claimed damages fell outside of the two-year limitations period.   *Id.* ¶ 5.   In light of this information and the number of issues presented, the parties agreed to resolve the matter.   *Id.* ¶ 10.

This is not a classic "full compensation case," in which the defendant pays the plaintiff all of the unpaid wages and liquidated damages demanded; rather, Smith and Reed have adjusted their claims downward based on information discovered during the early stages of litigation.   Under these circumstances, the parties have adequately explained the discrepancies between Plaintiffs' respective answers to the Court's interrogatories and the parties' assertion that Plaintiffs are receiving more than full relief.   *See id.* ¶ 11.   Accordingly, in light of the parties' assertion that Smith and Reed will receive more than full relief, I recommend that the Court find that they have not compromised their claims within the meaning of *Lynn's Food*.

B.      *Attorney's Fees and Costs.*

Under Smith's settlement agreement, counsel will receive $7,000.00 for attorney's fees and costs.   Doc. No. 27-1 at 3.   Under Reed's settlement agreement, counsel will receive $2,900.00 for attorney's fees and costs.   Doc. No. 27-2 at 4.   Because the parties agree that Smith and Reed will receive all of the FLSA compensation arguably due, the amount of attorney's fees and costs paid under the settlement agreement cannot have tainted the amount Smith and Reed agreed to accept to settle the case.   Accordingly, the Court need not scrutinize the settlement agreement further to consider whether the attorney's fees and costs to be paid are reasonable.   *See Caamal v. Shelter Mortg. Co., L.L.C.*, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *5 (M.D. Fla. Sept. 26, 2013).

C.      *Whether the Settlements Are Fair and Reasonable.*

"If judicial scrutiny confirms that the parties' settlement involves no compromise [of the employee's claim], the district court should approve the settlement and dismiss the case . . . ." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350 (M.D. Fla. 2010) (quoting *Dees*, 706 F. Supp. 2d at 1247).   However, the Court is aware that some judges in the district have expressed the view that a non-cash concession by an employee, such as a confidentiality provision or a broad release clause, "affects both the 'fairness' and the 'full compensation' component of the settlement, and thus requires (and often precludes) a fairness finding, even when all monetary compensation owed is paid in full."   *Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012), report and recommendation adopted, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012) (internal quotation and citation omitted).   Here, Smith's settlement agreement contains confidentiality and non-disparagement clauses.   Doc. No. 27-1 at 3-4.   Reed's settlement agreement contains a general release and waiver and an Age

Discrimination in Employment Act ("ADEA") waiver, as well as confidentiality and non-disparagement clauses.   Doc. No. 27-2 at 2-5.

In a number of cases, the judges in this district have approved settlement agreements when the employee received additional consideration in exchange for concessions to the employer that went beyond release of the FLSA claim.   *See Caamal*, 2013 WL 5421955, at \*4 (approving settlement agreement whereby plaintiff received $500.00, a mutual release of claims, and an agreement to provide a neutral reference in exchange for a general release of claims, a non-disparagement agreement and a waiver of future employment), and cases cited therein.   I recommend that the Court find *Caamal* and the cases cited therein to be persuasive and applicable to the instant case.   Here, the parties agree that Smith and Reed are receiving separate and fair consideration beyond that arguably due under the FLSA.   Doc. No. 29 ¶ 12.   As such, the general release and waiver and ADEA waiver in Reed's settlement agreement, as well as the confidentiality and non-disparagement clauses in both settlement agreements are supported by separate consideration and do not render the settlement unfair or unreasonable.   Accordingly, I recommend that the Court find that the settlement agreements are a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."   *Lynn's Food*, 679 F.2d at 1354.

## IV.   RECOMMENDATION.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1.   **GRANT** the Renewed Motion for Judicial Approval of the Parties' Settlement Agreements and Dismissal with Prejudice (Doc. No. 29), and **FIND** that the settlements are fair and reasonable resolutions of a *bona fide* dispute under the FLSA;

2.   **PROHIBIT** counsel from withholding any portion of the $7,000.00 payable to Smith and the $2,100.00 payable to Reed under their respective settlement agreements pursuant to a contingent fee agreement or otherwise;

3.     **ORDER** counsel for Smith and Reed to provide a copy of the Court's Order to Smith and Reed; and,

4.     **DISMISS** the case with prejudice and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 30, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy